IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

UNITED STATES OF AMERICA,

                                          Criminal Number

        v.                              3:21-CR-385 (MAD)

JOHN DOE
      aka "Jimmy Earl McNeill"
      aka "Michael Gerard Simpson,"

               Defendant.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**UNITED STATES' MOTION *IN LIMINE* TO PRECLUDE DEFENSE FROM INQUIRING ABOUT THE REAL JIMMY EARL MCNEILL'S CRIMINAL HISTORY**

As part of its ongoing trial preparation, the government obtained on May 13, 2022, a criminal history report of its anticipated trial witness Jimmy Earl McNeill and disclosed that report on May 14, 2022, to defense counsel.[1] The government hereby moves *in limine* for a ruling that the defense be precluded from inquiring about any of the convictions reflected on the criminal history report pursuant to 609 and 403.

    I.        **Witness Jimmy Earl McNeill's Criminal History**

Jimmy Earl McNeill's most recent conviction as reflected on the criminal history report is a 2016 misdemeanor drug offense for which he was sentenced to 120 days' imprisonment. His next most recent conviction is a misdemeanor assault and battery conviction from 2009 for which

---

[1] The government previously disclosed to the defense information concerning what it believes to be the real McNeill's criminal history. Because the defendant has been living as "Jimmy Earl McNeill" since at least the early 1990's, the government has not been able to definitively confirm which arrests after that time correspond to the defendant rather than the true McNeill. The government assumes for purposes of this motion that the entire criminal history that it obtained on May 13, 2022, and shared with the defense the next day, is attributable to its witness Jimmy Earl McNeill rather than the defendant.

he was sentenced to 30 days' imprisonment and a year of probation. His most recent felony conviction is from 1987 for several controlled substance offenses and possession of stolen goods. Jimmy Earl McNeill also has been arrested/charged multiple times starting in 1976 for both alleged felonies and misdemeanors without a conviction resulting.

**II.       Governing Law Concerning Use of Prior Convictions to Impeach**

Federal Rule of Evidence 609 (Impeachment by Evidence of a Criminal Conviction) provides in relevant part as follows:

> **(a) In General.** The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction:
>
> **(1)** for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:
>
> **(A)** must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant; and
>
> **(B)** must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant; and
>
> **(2)** for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving--or the witness's admitting--a dishonest act or false statement.
>
> **(b) Limit on Using the Evidence After 10 Years.** This subdivision (b) applies if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later. Evidence of the conviction is admissible only if:
>
> **(1)** its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and
>
> **(2)** the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.

Fed. R. Evid. 609.

None of Jimmy Earl McNeill's prior convictions should be raised at trial under Rule 609. Jimmy Earl McNeill has no felony convictions within the past 10 years. Moreover, none of his misdemeanor convictions within 10 years involved a dishonest act or false statement. With respect to the older convictions, their probative value cannot substantially outweigh their prejudicial effect because they are well past the 10-year limitation. The only old convictions that arguably go to honesty are a breaking and entering and felony larceny conviction from 1983 (~39 years ago) and a possession of stolen goods (and drug) conviction from 1987 (~35 years ago). The ages of these offense militates strongly against permitting the defense to raise them at trial on cross examination of Jimmy Earl McNeill, particularly because they are unrelated to anything the witness will be testifying about during trial. *See, e.g., United States v. Cathey*, 591 F.2d 268, 276 (5th Cir. 1979) (error to allow prosecution to impeach testifying defendant with 16-year-old military conviction because, among other things, the legislative history of Rule 609(b) "makes clear that 'convictions over 10 years old will be admitted very rarely and only in exceptional circumstances'" and probative value did not substantially outweigh prejudice); *United States v. Connelly*, 613 F. App'x 604, 606 (9th Cir. 2015) (not error to preclude defense from using convictions more than 10 years old to attack victim's credibility in excessive force case).

### III.   Conclusion

For the foregoing reasons, the defendant should be precluded from inquiring about Jimmy Earl McNeill's prior convictions.

          CARLA B. FREEDMAN
          United States Attorney

By: */s/ Adrian LaRochelle*
    Adrian LaRochelle (Bar Roll No. 701266)
    Michael D. Gadarian (Bar Roll No. 517198)
    Assistant United States Attorneys